```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                          EASTERN DIVISION
```

**BOARDS OF TRUSTEES OF THE OHIO**
**LABORERS' FRINGE BENEFIT PROGRAMS,**

   **Plaintiffs,**

 **vs.**                Civil Action 2:14-CV-2546
                        Judge Sargus
                        Magistrate Judge King

**HEADLANDS CONTRACTING &**
**TUNNELING, INC.**

   **Defendant.**

## REPORT AND RECOMMENDATION

   This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185.  Defendant Headlands Contracting & Tunneling, Inc., doing business as H&T Construction Company, Inc. ("defendant"), was served with a summons and a copy of the *Complaint* on December 11, 2014, *see* Doc. No. 9, but has failed to plead or otherwise defend this action.[1]  Plaintiff applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendant*, Doc. No. 8, and the Clerk entered

---

[1] An answer was filed on behalf of the defendant corporation by its president, who is not an attorney licensed to practice in this Court. *Answer*, ECF 3. That *Answer* was ordered stricken, *Order*, ECF 5, and the corporate defendant was expressly advised that "it can proceed in the defense of this action only through counsel. . . ." *Id*. Defendant was also advised that its failure to effect the appearance of counsel on its behalf would likely to result in the entry of defendant's default. *Id*.

1

default pursuant to Fed. R. Civ. P. 55(a) on March 19, 2015. *Entry of Default*, Doc. No. 11.  This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, Doc. No. 10.

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. *Plaintiffs' Motion for Default Judgment*, Exhibits A, B.  The *Affidavit of Plaintiffs' Contractor Relations Manager*, attached to *Plaintiffs' Motion for Default Judgment* as Doc. No. 10-2, establishes that defendant owes $9,543.62 in unpaid fringe benefit contributions for the period February 2014 through February 2015.  *Id*. at ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.  Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions.  29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $6,798 in liquidated damages and interest on the unpaid contributions through February 2015.  *Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.

Plaintiffs seek an award of attorney's fees in the amount of $2,358.75, for 9.25 attorney hours billed at the rate of $255 per hour.  *Plaintiffs' Motion for Default Judgment*, p. 4.  Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.  *Plaintiffs' Affidavit in Support*

*of Their Motion for Default Judgment*, attached to *Plaintiffs' Motion for Default Judgment* as Doc. No. 10-1; *Plaintiffs' Motion for Default Judgment*, Exhibit D.

Plaintiffs are therefore entitled to judgment in the amount of $16,341.62 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $2,358.75.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, Doc. No. 10, be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Headlands Contracting & Tunneling, Inc., the sum of Sixteen Thousand Three Hundred Forty-One Dollars and Sixty-Two Cents ($16,341.62), including unpaid fringe benefit contributions through February 2015, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of Two Thousand Three Hundred Fifty-Eight Dollars and Seventy-Five Cents ($2,358.75), plus interest from the date of judgment at the rate of one percent (1%) per month.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


April 15, 2015                                         *s/Norah McCann King*
                                                          Norah M<sup>c</sup>Cann King
                                               United States Magistrate Judge